IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACEY SCHATZBERG,

    Plaintiff,

Case No.

v.

CLIENT SERVICES, INC., and
JANE DOE,

**JURY TRIAL DEMANDED**

    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III. Parties

4. Plaintiff Tracey Schatzberg (hereafter "Plaintiff"), is an individual who resides in the City of Temple Terrace, County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and/or a person with

standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

5. Defendant Client Services, Inc. (hereafter "CSI") is a Missouri corporation, with its principal place of business located at 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301. Defendant CSI is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another.

6. Defendant Jane Doe, (hereafter "Doe") is an individual employee and/or agent of Defendant CSI and, based on information and belief, regularly collects, or attempts to collect, debts alleged to be due to another.

## IV.  Factual Allegations

7. On or about August 25, 2009 Defendant Doe called Plaintiff's place of employment in regards to collecting an alleged consumer debt Plaintiff owed to a third party.

8. The call was answered by Plaintiff's coworker, front-office team-member, Erica Resendez (hereafter "Ms. Resendez").

9. Defendant Doe asked Ms. Resendez to speak with Plaintiff.

10. Ms. Resendez informed Defendant Doe that Plaintiff was currently with a patient and was unavailable to take any calls.

11. Replying derogatorily, Defendant Doe exclaimed to Ms. Resendez, "I need to talk to Tracey before I have to garnish her wages. And who are you? You're just a receptionist!?"

12. Due to the sensitivity of the call and the outright rudeness of Defendant Doe, Ms. Resendez transferred the phone call to Melanie Phillips, the office manager .

13. Ms. Phillips answered the call and explained to Defendant Doe that Plaintiff is unable to receive personal calls at work.

14. When told that Defendant Doe could not speak with Plaintiff, Defendant Doe demanded that Ms. Phillips verify Plaintiff's employment and length of employment.

15. Defendant Doe then stated that she wanted Ms. Phillips to make Plaintiff and/or Plaintiff's attorney aware of the phone call, because, as stated by Defendant Doe, Defendant CSI will soon be garnishing Plaintiff's wages.

16. To date, there has not been a law suit filed against Plaintiff for the collection of the alleged debt CSI was attempting to collect.

17. Furthermore, there is no judgment which has been entered against Plaintiff which would entitle CSI to have Plaintiff's wages garnished.

18. CSI, through its agent Ms. Doe, intended to harass and embarrass Plaintiff by disclosing personal information about the debt she allegedly owed to her coworker and office manager.

19. CSI, through its agent Ms. Doe, also intended to frighten Plaintiff into believing that her wages were about to be garnished.

20. The threats of CSI, through its agent Ms. Doe, were intentionally false and intended to deceive Plaintiff.

21. As a result of Defendants' actions and/or omissions, Plaintiff suffered from intense feelings of stress resulting from her fear of losing her job, feelings of depression, frustration, great embarrassment, as well as irreparable damage to her professional reputation.

### First Claim for Relief
### FDCPA Violation
### Tracey Schatzberg v. Client Services, Inc.

22. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21.

23. The foregoing acts and omissions of Defendant CSI and its agents constitute numerous and several violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(2), 1692c(a)(3), 1692c(b), 1692d(2), 1692e(4), and 1692f.

24. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, as well as recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Tracey Schatzberg v. Client Services, Inc.

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 21.

26. The foregoing acts and omissions of Defendant CSI and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§ 559.72(4) and (5).

27. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### Third Claim for Relief
### FDCPA Violation
### Tracey Schatzberg v. Jane Doe

28. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18.

29. The foregoing acts and omissions of Defendant Doe constitute numerous and several violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(2), 1692c(a)(3), 1692c(b), 1692d(2), 1692e(4), and 1692f.

30. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, as well as recovery for actual damages, statutory damages, and attorney's fees and costs.

### Fourth Claim for Relief
### FCCPA Violation
### Tracey Schatzberg v. Jane Doe

31. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 18.

32. The foregoing acts and omissions of Defendant Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§ 559.72(4) and (5).

33. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, as well as recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA & FCCPA;

b. Actual damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

c. Statutory damages pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and F.S.A. § 559.77(2);

e. Punitive damages pursuant to F.S.A. § 559.77(2); and

f.   Such other and further relief as may be just and proper.

Dated: October 16, 2009                              Respectfully submitted,

/s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JAMES W. ELLIOTT, ESQUIRE
Florida Bar No. 0040961
james@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
213 N. Parsons Avenue
Brandon, Florida 33510
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/G. Donald Golden
G. Donald Golden, Esquire